UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

FILED
RICHARD W. NAGEL
CLERK OF COURT
2022 FEB 22 AM 11:13

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No. 3:22-cr-013 |
| Plaintiff, | : | I N D I C T M E N T |
| v. | : | 21 U.S.C. § 841(a)(1) |
| | : | 21 U.S.C. § 856(a)(2) |
| | : | FORFEITURE |
| **DARRYL LEE,** | : | MICHAEL J. NEWMAN |
| Defendant. | : | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841 and 841(b)(1)(B)]

On or about June 2, 2021, in the Southern District of Ohio, defendant **DARRYL LEE** knowingly and intentionally possessed with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

Page **1** of **3**

## COUNT TWO

[21 U.S.C. § 856(a)(2)]

On or about June 2, 2021, in the Southern District of Ohio, defendant **DARRYL LEE** knowingly and intentionally managed and controlled any place -- whether permanently or temporarily -- as an owner and occupant, and in doing so, knowingly and intentionally made available for use, with and without compensation, the place for the purpose of unlawfully storing and distributing a controlled substance.

In violation of Title 21, United States Code, Section 856(a)(2).

## FORFEITURE ALLEGATION

Upon conviction of the offense set forth in Count One of this Indictment, defendant **DARRYL LEE** shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, including but is not limited to the following:

- $8,401.00 in U.S. Currency;
- $4,000.00 in U.S. Currency;

- $746.00 in U.S. Currency; and
- 2 boxes of 45 caliber ammunition.

## SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant, up to the value of the forfeitable property.

A TRUE BILL

/S/
Foreperson

KENNETH L. PARKER
United States Attorney

BRENT G. TABACCHI
Assistant United States Attorney